UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.

LISETTE SANTIAGO,
An Individual,

    Plaintiff,

v.


VINELAND MOTOR SALES, LLC d/b/a
TOYOTA OF ORLANDO,
A Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LISETTE SANTIAGO ("**Plaintiff**"), brings this action against Defendant, VINELAND MOTOR SALES, LLC d/b/a TOYOTA OF ORLANDO ("**Defendant**"), a Florida Limited Liability Company, under the Consumer Leasing Act ("**CLA**"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("**Regulation M**").

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions

giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Osceola County, Florida.

4. Defendant was at all relevant times, doing business in Orange County, Florida.

## FACTUAL ALLEGATIONS

5. In December of 2019, Defendant leased a new 2019 Toyota Highlander ("**Vehicle**") to Plaintiff.

6. The Vehicle was leased under a Closed-End Motor Vehicle Lease ("**Lease**"). A copy of the lease is attached as Exhibit "A."

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle at the end of the Lease Term for an amount equal to the amount set forth in Section 10 above and a purchase option fee of $350.00, plus official fees and taxes." Ex. A, Sec. 23, Ln. 1-2. ("**Purchase Option**").

8. The Purchase Option Price identified in Section 10 of the Lease was $27,578.95. Ex. A, Sec. 10. ("Purchase Option Price")

9. The Lease did not disclose any other fees or costs associated with the

purchase option price. Ex. A, Sec. 10 and 23, *generally*.

10. Plaintiff reasonably relied on these terms, including the Purchase Option Price, when agreeing to the Lease.

11. Near the end of the lease term, Plaintiff contacted VT Inc. as Trustee of World Omni LT ("**VT Inc.**") which was assigned the Lease and asked about the process to buy the vehicle.

12. VT Inc. directed Plaintiff to buy the vehicle through Defendant.

13. In November of 2022, Plaintiff visited Defendant's dealership to exercise the purchase option in the Lease.

14. However, to Plaintiff's surprise, Defendant required Plaintiff to pay a total Vehicle Purchase Price of $30,895.00, an $898.50 "Predelivery Service Charge" and a $199.95 "Electronic Registration Filing Fee."

15. Ultimately, Plaintiff was overcharged $3,316.05 to exercise the purchase option in the Lease.

16. Further, the $898.50 "Predelivery Service Charge" and $199.95 "Electronic Registration Filing Fee" were not official fees like those for tax, tag, title, or registration.

17. Plaintiff had no choice but to pay these fees to exercise the Purchase Option in the Lease.

18. In the Lease, Defendant never disclosed that Plaintiff would have to pay

$3,316.05 more to buy the Vehicle, nor did Defendant disclose that Plaintiff would have to pay an $898.50 "Predelivery Service Charge" and a $199.95 "Electronic Registration Filing Fee" to exercise the purchase option.

19. Defendant's failure to completely and accurately disclose the purchase option price in the Lease caused Plaintiff to pay more than what was agreed to and disclosed in the Lease.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

20. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

21. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

22. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

23. Defendant is a large car dealership that has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

24. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

25. Defendant drafted the lease and provided the disclosures in the lease.

26. Upon information and belief, Defendant financially gains on the resale

of the vehicle at the end of the lease term.

27. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 1013.4.

28. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

29. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by failing to accurately and completely disclose the purchase option price in the Lease and by choosing not to disclose in the purchase option price that overpayment of $3,316.05, the $898.50 "Predelivery Service Charge," and the $199.95 "Electronic Registration Filing Fee" were required to exercise the purchase option at the end of the lease.

30. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

31. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

32. Plaintiff suffered financial loss in that Plaintiff paid more than what the Lease required to buy the Vehicle, including an inflated amount for taxes on the buyout transaction.

33. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

34. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

35. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357
*Counsel for the Plaintiff*

/s/ Sarah Cibula Feller
Darren R. Newhart, Esq.
FLORIDA BAR NO: 0115546
Sarah Cibula Feller, Esq.
FLORIDA BAR NO.: 1027809
Email:  Darren@NewhartLegal.com
Sarah@NewhartLegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd., Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946
*Counsel for the Plaintiff*